IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 8, 2010 Session

## IN RE TRISTYN K.

**Appeal from the Chancery Court for Anderson County**
**No. 09CH0427     William E. Lantrip, Chancellor**

---

**No. E2010-00109-COA-R3-PT - FILED JULY 22, 2010**

---

Charles D. Susano, Jr., J., concurring in part and dissenting in part.

I agree with the majority that the absence of any evidence of the requirements of the permanency plan[s] sounds the "death knell" for the trial court's finding that Mother failed to comply with those requirements. If we do not know what the requirements were – and we clearly do not – we cannot intelligently determine whether those requirements were satisfied or not. I completely concur in the majority's decision to vacate the trial court's judgment terminating Mother's parental rights to the extent that decision is based upon a finding that she failed to substantially comply with the requirements of the plan(s).

I also agree with the majority that, not having been pleaded, the ground of "persistence of conditions," *see* Tenn. Code Ann. § 36-1-113(g)(3) (Supp. 2009), cannot form the basis for termination of Mother's parental rights. The majority is correct in vacating the trial court's finding of this ground as a predicate for termination.

I cannot agree, however, that the trial court's judgment terminating Mother's parental rights based upon the "severe child abuse" ground of Tenn. Code Ann. § 36-1-113(g)(4) (Supp. 2009) should be vacated. First, I am convinced that the trial court was focused on the (g)(4) language of Tenn. Code Ann. § 36-1-113 when it found Mother guilty of "severe negligence and abuse as defined by the statute." Second, the testimony of Ms. Sanders, as recited in the majority opinion, clearly shows – without countervailing evidence – that, with respect to these two young children, Mother was guilty of "severe child abuse" as specifically defined in Tenn. Code Ann. § 37-1-102(23)(A) (Supp. 2009). Third, while somewhat inartfully phrased, the trial court's language is sufficiently clear to recite what is obvious from the uncontradicted proof, *i.e.*, that this drugged mother placed these young children in

a situation "that [was] likely to cause great bodily harm or death." ***Id***. I would affirm the trial court's ruling on this ground.

Finally, I would affirm the ultimate result of the trial court's judgment, *i.e.*, termination of Mother's parental rights with respect to the Child, because I find clear and convincing evidence that termination is in the Child's best interest.

I concur in part and respectfully dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE